## Commonwealth *v.* Hodges, Appellant.

Argued September 23, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Miriam L. Gafni,* Assistant Defender, with her *Paula S. Gold,* Assistant Defender, and *Vincent J. Ziccardi,* Acting Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 23, 1971:

On March 1, 1970, a car owner observed a young man trying to start his automobile by crossing the wires. He demanded that the youth get out of the car, at which point the boy attacked the owner and demand-

ed the keys. After a futile attempt to start the car, the youth gave up and fled.

Two days later appellant was arrested on an unrelated matter. Car keys were found on his person and the police also believed that he matched the description of the boy who committed the assault and attempted larceny. Appellant was placed in a lineup with five other men. Counsel was not present, nor was appellant told of his right to counsel. Each member of the lineup had his outer clothing piled near him. The victim uncertainly identified appellant as his assailant. This identification was apparently partly based on the fact that an army jacket—which the assailant had been described as wearing—was lying in front of appellant.

The court adjudicated appellant delinquent. This result was affirmed on rehearing, and appellant was ordered committed to the Pennsylvania Industrial School at Camp Hill. This appeal followed.

Appellant contends that *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926 (1967), applies, and that the victim's in-court identification was tainted by the uncounseled, unfairly suggestive lineup. However, at trial defense counsel was not permitted to raise this issue because a motion to suppress the identification was not filed before trial. Counsel explained that suppression had not been requested because the Defender's office had been confused about the precise case on which they represented appellant.

It is clear that *Wade's* requirement that counsel be present at a lineup was violated in the instant case. However, as in *Wade,* there is a possibility that the confrontation did not prejudice appellant because the in-court identification had a source "independent" of the lineup. Unfortunately, since counsel was not permitted to inquire into the basis of the victim's courtroom identification, the record on appeal is not suffi-

248

cient to allow a determination whether there was a positive identification of appellant stemming directly from observations at the time of the attack.

Recognizing the inadequacy of the record, the Commonwealth has asked that the case be remanded so that any violation of *Wade* may be shown to be harmless error.

Since both appellant and the Commonwealth have requested that this case be remanded for a hearing to determine the basis of the victim's in-court identification testimony, the commitment is vacated and a hearing ordered consistent with the request of the parties.